# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | | |
|---|---|---|
| **STEVE KAISER,** | ) | Case No. _____ |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **DEFENDANT'S NOTICE OF** |
| **vs.** | ) | **REMOVAL TO FEDERAL COURT** |
| | ) | |
| **EXPRESS SERVICES, INC. D/B/A** | ) | (REMOVED FROM DUBUQUE |
| **EXPRESS EMPLOYMENT** | ) | COUNTY, IOWA; CASE NO. |
| **PROFESSIONALS,** | ) | LACV110837) |
| | ) | |
| **Defendant.** | ) | |

Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Express Services, Inc. d/b/a

Express Employment Professionals ("Defendant") removes to the United States District

Court for the Northern District of Iowa, Eastern Division, the action entitled *Steve Kaiser*

*v. Express Services, Inc. d/b/a Express Employment Professionals*, Case. No.

LACV110837, which is currently pending in the District Court of Dubuque County, Iowa.

As grounds for removal, Defendant states as follows:

1.     Plaintiff Steve Kaiser ("Plaintiff") sued Defendant by filing his state-court

Petition on June 5, 2020, in the District Court of Dubuque County (the "Petition").  The

Petition was served on Defendant on June 11, 2020.  As required under § 1446(a) and Local

Rule 81, copies of all process, pleadings, and orders served on Defendant are attached

hereto Exhibit A.

2.     Plaintiff and Defendant have agreed to an extension of time for Defendant's

responsive pleading to the Petition.  No further proceedings have been had in this action,

nor have any other processes, pleadings, or orders been served on Defendant.

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity) and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b).

4. Under 28 U.S.C. §§ 1441 and 1446, removal is timely if it is filed within 30 days after a defendant is served with a summons and the initial pleading. Defendant is timely filing this removal.

## DIVERSITY OF CITIZENSHIP

5. This court has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the amount in controversy exceed $75,000.

6. Plaintiff is a citizen of and resident of Iowa. (Petition ¶2.)

7. Defendant is a Colorado corporation with its principal place of business in Oklahoma. (*Id*. ¶3.)

8. Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Defendant is not a citizen of the same state as Plaintiff.

## AMOUNT IN CONTROVERSY

9. The standard for determining whether a plaintiff's claims meet the amount in controversy is whether the district court finds, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. 28 U.S.C. § 1446(c)(2)(B).

10. Courts generally may consider actual, compensatory, punitive damages, and attorney's fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v.*

2

*Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *see also* 28 U.S.C. § 1446(c)(2)(A)(i).

11.     Here, Plaintiff's alleged damages include: lost wages and other benefits of employment; unspecified equitable and injunctive relief; pre-judgment and post-judgment interest; and attorney's fees and costs.

12.     Although Plaintiff's Petition does not allege a specific amount of total damages sought, Defendant believes in good faith that (without any admission as to the merits of Plaintiff's allegations) that the total amount in controversy exceeds the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a) based upon the allegations in his Petition.

13.     From the outset, at the time of his termination, Plaintiff made wages of $14.00 per hour ($29,120 annually), and he will likely claim at least one year of lost wages stemming from his employment separation.

14.     Additionally, although Defendant vigorously opposes Plaintiff's claimed entitlement to attorney's fees and costs, those allegations by Plaintiff alone ensure that the amount in controversy exceeds $75,000.  Claimed attorney's fees must be considered when determining whether the amount in controversy exceeds $75,000.  *See Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 770-74 (8th Cir. 2000) (upholding the district court's award of $106,832.60 in attorney fees).

15.     Moreover, to the extent Plaintiff seeks recovery for claimed entitlement to emotional distress damages (which Defendant vehemently denies), those allegations by Plaintiff further guarantee that the amount in controversy exceeds $75,000.  *See, e.g., Eich v. Board of Regents for Cent. Missouri State Univ.*, 350 F.3d 752, 763 (8th Cir. 2003)

($200,000 award for emotional distress damages upheld); *Kucia v. Southeast Arkansas Community Action Corp.*, 284 F.3d 944, 947-48 (8th Cir. 2002) ($50,000 in compensatory damages for emotional distress in a race discrimination case); *Mathieu v. Gopher News Co.*, 273 F.3d 769, 782-83 (8th Cir. 2001) (finding $165,000 emotional distress award not excessive where plaintiff was only witness to testify about emotional distress); *Ross v. Douglas County, Nebraska*, 234 F.3d 391, 397 (8th Cir. 2000) ($100,000 for emotional distress in a race discrimination case not excessive).

16. Thus, Plaintiff's Petition seeks more than $75,000, which satisfies the amount in controversy requirement set forth in 28 U.S.C. § 1332(a). This Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.

17. Under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a), the United States District Court for the Northern District of Iowa, Eastern Division, is the appropriate court for removing an action from Dubuque County District Court where this action was commenced.

18. Additionally, on the same date as this notice was signed, Defendant filed a copy of this Notice of Removal with the Clerk of the District Court of Dubuque County, Iowa (*see* Exhibit B – Notice of Filing of Notice of Removal), the district in which this action was commenced and pending at the time this Notice of Removal was filed with this Court.

19. Consistent with Local Rule 81, Defendant provides a list of all matters pending in state court that will require resolution by this Court (*see* Exhibit C – List of

4

Matters Pending in State Court).  Specifically, *Steve Kaiser v. Express Services, Inc. d/b/a Express Employment Professionals*, Case. No. LACV110837, is currently pending in the District Court for Dubuque County, Iowa.

20.     Consistent with Local Rule 81, Defendant provides the names of counsel and the law firms that have appeared in the state court action, with their office addresses, telephone numbers, facsimile numbers, and email addresses, and the names of the parties they represent (*see* Exhibit D – List of Counsel).  Specifically, Plaintiff is represented by Brooke Timmer and Nathan Borland, Timmer and Judkins, 1415 28th Street, Suite 375, West Des Moines, IA 50266, telephone: 515-259-7462, email: brooke@timmerjudkins.com and nate@timmerjudkins.com.  Defendant is represented by Andrew Tanick and Brent Kettelkamp, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 225 South Sixth Street, Suite 1800, Minneapolis, MN 55402, telephone: 612-339-1818, email: andrew.tanick@ogletree.com and brent.kettelkamp@ogletree.com.

**ACCORDINGLY,** Defendant respectfully requests that the above-entitled action now commenced against them in the District Court of Dubuque County, Iowa be removed to this Court.

5

Dated:  <u>July 10, 2020</u>    **OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P. C.**

<u>*s/Andrew E. Tanick*</u>
Andrew E. Tanick (#AT0011593)
Brent D. Kettelkamp (#AT0014305) (pro hac
vice pending)
Capella Tower, Suite 1800
225 South Sixth Street
Minneapolis, MN 55402
612.336.6871
612.339.0061 (Facsimile)
andrew.tanick@ogletree.com
brent.kettelkamp@ogletree.com

**Attorneys for Defendant**

43382113.1

6